BOWES, Judge,
concurring.
I agree with the result reached by the majority, albeit I do so most reluctantly with our finding regarding La.R.S. 9:403. I am unable to conclude that the legislature intended to amend the statute for the purpose of permitting a party to file suit for divorce prior to the lapse of six months following a judgment of separation. Our legislature has always supported a public policy in favor of family unity. The statute as presently written fosters deterioration of the family unit by permitting a party to file for divorce on the same day a judgment of separation is obtained; and while he may not be allowed to obtain a divorce judgment, the commencement of such litigation for a final divorce has a chilling effect on any possible reconciliation attempts and negates the preservation of the marriage and. the reconstruction of the family.
Further, inasmuch as the statute forbids commencement of a suit for divorce until the day after legal delays have elapsed when a judgment is on appeal, it is illogical to permit suit immediately following a judgment of separation. A party could conceivably “jump the gun” and file suit for divorce before the other party has been able to take an appeal or move for a new trial. I see no reason why the legislature should allow such results when no public policy, nor any positive purpose, is served, and I do not believe that such was their intention.
However, I am constrained to agree with the majority that the statute as written permits the results reached in this opinion. If the legislature intended other consequences, then an amendment to R.S. 9:302 is mandated.